**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Jisun Kim,<br><br>                    Plaintiff,<br><br>        v.<br><br>Taesan LLC d/b/a Sambong Naengmyun and<br>Kyoung Walker,<br><br>                    Defendants, | Index No. 26-cv-7404<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff Jisun Kim ("Plaintiff"), by and through her undersigned counsel, Ryan Kim Law, P.C., hereby brings this Complaint against Defendants Taesan LLC d/b/a Sambong Naengmyun ("Taesan LLC") and Kyoung Walker ("Walker") (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1.   This action is brought by Plaintiff Jisun Kim against Defendants for violations of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. § 201 *et seq.*), the New Jersey Wage and Hour Law ("NJWHL" – N.J.S.A. § 34:11-56a *et seq.*), the New Jersey Wage Payment Law ("NJWPL" – N.J.S.A. § 34:11-4.1 *et seq.*), and the New Jersey Wage Theft Act, arising from Defendants' failure to pay Plaintiff all earned wages and overtime compensation. As a direct consequence of Defendants' willful, malicious, and unlawful employment practices, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.   The Court has original federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA, 29 U.S.C. § 216(b).

3.   The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same facts and circumstances as Plaintiff's federal law claims.

4.   Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, Plaintiff worked for Defendants in this District, and a substantial part of acts and omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

5.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.   Plaintiff Jisun Kim is an individual residing in the State of New Jersey.

7.   Kim started her work for Defendants in or about 2022, and her last day of work was on or about May 19, 2026.

8.   Defendant Taesan LLC is a limited liability company authorized to conduct business in the State of New Jersey.

9.   At all relevant times, Defendant Taesan LLC owned, operated, and/or controlled Sambong Naengmyun located at 110 Broad Avenue, Ste S9, Palisades Park, New Jersey, 07650.

10. At all relevant times, Defendant Taesan LLC engaged in commerce within the meaning of the FLSA.

11. At all relevant times, upon information and belief, Defendant Taesan LLC's annual gross volume of sales made or business done exceeded $500,000.

12. At all relevant times, Defendant Taesan LLC was an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

13. Defendant Kyoung Walker is an individual who owned, operated, managed, and/or controlled Defendant Taesan LLC and Sambong Naengmyun during the relevant period.

14. At all relevant times, Defendant Kyoung Walker had the authority to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine employee compensation, maintain employment records, and/or control the payment of wages.

15. At all relevant times, Defendant Kyoung Walker was an "employer" within the meaning of the FLSA, NJWHL, and NJWPL.

16. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## FACTUAL ALLEGATIONS

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. Plaintiff began working for Defendants in or around 2022.

19. Defendants employed Plaintiff at Sambong Naengmyun, a restaurant located at 110 Broad Avenue, Ste S9, Palisades Park, New Jersey, 07650.

20. Plaintiff initially worked for Defendants as a cashier and counter employee.

21. Plaintiff later worked for Defendants as a manager.

22. As a manager, Plaintiff was responsible for the overall daily operation of the restaurant.

23. Plaintiff's duties included, among other things, supervising employees, preparing employee schedules, purchasing inventory and supplies, assisting customers, and performing other duties necessary to operate the restaurant.

24. During Plaintiff's employment, Defendants employed approximately six (6) to nine (9) employees at the restaurant.

25. At all relevant times, Defendants knew the hours Plaintiff worked.

26. At all relevant times, Defendants maintained, reviewed, and/or had access to handwritten time records reflecting Plaintiff's work hours.

27. Plaintiff regularly worked six (6) days per week.

28. Plaintiff also worked seven (7) days per week during certain periods.

29. Plaintiff typically worked from approximately 10:30 a.m. to approximately 9:00 p.m.

30. Plaintiff regularly worked more than forty (40) hours per week.

31. Plaintiff regularly worked approximately sixty (60) or more hours per week.

32. Defendants paid Plaintiff approximately $1,250 per week at the beginning of her employment.

33. Defendants later increased Plaintiff's weekly pay to approximately $1,500 per week.

34. Despite Plaintiff's regular workweeks exceeding forty (40) hours, Defendants did not pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

35. Defendants did not maintain accurate payroll records reflecting all wages and overtime compensation due and paid to Plaintiff.

4

36. Defendants did not provide Plaintiff accurate wage statements reflecting all hours worked, wages earned, wages paid, and overtime compensation owed.

37. Defendants frequently paid employee wages using cash proceeds from the restaurant.

38. When cash proceeds were insufficient, Defendants paid other employees while withholding and/or delaying Plaintiff's wages.

39. Defendants repeatedly promised Plaintiff that her unpaid wages would be paid.

40. Defendant Kyoung Walker repeatedly represented to Plaintiff that Plaintiff's outstanding wages would be paid when Defendant Walker visited New Jersey.

41. Despite those representations, Defendants failed to pay Plaintiff all wages due and owing.

42. From approximately September 1, 2025 through May 19, 2026, Defendants failed to pay Plaintiff any wages.

43. During that period, Plaintiff continued working for Defendants.

44. During that period, Plaintiff continued managing Defendants' restaurant.

45. During that period, Plaintiff continued working more than forty (40) hours per week.

46. During that period, Defendants accepted the benefit of Plaintiff's labor without paying Plaintiff any compensation.

47. Defendants' failure to pay Plaintiff any wages destroyed any claimed salary basis for purposes of any alleged overtime exemption.

48. During this nonpayment period, Plaintiff was not paid on a salary basis and did not satisfy the salary requirement for any claimed executive, administrative, or professional exemption.

49. Defendants therefore had no lawful basis to treat Plaintiff as exempt from overtime during the nonpayment period.

50. Defendants owe Plaintiff unpaid wages for work performed from approximately September 1, 2025 through May 19, 2026.

51. Defendants also owe Plaintiff unpaid overtime compensation for hours worked over forty (40) in a workweek.

52. In or around 2026, Defendants and/or Defendant Walker discussed an investment arrangement with Plaintiff and another employee concerning the restaurant.

53. Plaintiff declined to proceed with the investment arrangement.

54. After Plaintiff declined to proceed with the investment arrangement, Defendants falsely accused Plaintiff of misconduct, including allegedly taking meat from the restaurant.

55. Plaintiff denies Defendants' accusation.

56. On or about May 19, 2026, Defendants terminated Plaintiff's employment.

57. Defendants' stated reason for terminating Plaintiff was false and pretextual.

58. Defendants terminated Plaintiff after Defendants had failed to pay Plaintiff substantial earned wages.

59. Defendants terminated Plaintiff while owing Plaintiff substantial earned wages and after Plaintiff had sought payment of those wages.

60. Defendants' failure to pay Plaintiff was willful.

61. Defendants knew Plaintiff worked for Defendants.

62. Defendants knew Plaintiff regularly worked more than forty (40) hours per week.

63. Defendants knew Plaintiff had not been paid all wages due.

64. Defendants nevertheless failed to pay Plaintiff all wages and overtime compensation due.

65. As a result of Defendants' unlawful conduct, Plaintiff suffered damages, including unpaid wages, unpaid overtime compensation, and other damages.

## Count I
## Violations of Fair Labor Standards Act ("FLSA")
### [1] Failure to Pay Minimum Wage

66. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

67. At all relevant times, Plaintiff was an employee within the meaning of the FLSA.

68. At all relevant times, Defendants were employers within the meaning of the FLSA.

69. At all relevant times, Defendants were an enterprise engaged in commerce within the meaning of the FLSA.

70. Plaintiff performed work for Defendants for which she was not properly compensated.

71. The FLSA requires employers, such as Defendants, to pay employees the federal minimum wage for all hours worked.

72. At all relevant times, the federal minimum wage under the FLSA was $7.25 per hour.

73. Defendants failed to pay Plaintiff at least the federally mandated minimum wage for all hours worked.

74. Defendants' failure to pay Plaintiff minimum wages violated the FLSA.

75. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. As a result of Defendants' willful actions, Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit.

77. Plaintiff seeks damages in the amount of all of her unpaid minimum wages, liquidated damages as provided by the FLSA for minimum wage violations, interest, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

**Count II**
**Violations of Fair Labor Standards Act ("FLSA")**
**[2] Failure to Pay Overtime**

78. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

79. At all relevant times, Plaintiff was an employee within the meaning of the FLSA.

80. At all relevant times, Defendants were employers within the meaning of the FLSA.

81. At all relevant times, Defendants were an enterprise engaged in commerce within the meaning of the FLSA.

82. Pursuant to 29 U.S.C. § 207(a), the FLSA requires covered employers to compensate non-exempt employees at a rate not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

83. Pursuant to 29 U.S.C. § 216(b), the FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the affected employee in the amount of the employee's unpaid overtime compensation, and an additional equal amount as liquidated damages.

84. Plaintiff regularly worked more than forty (40) hours in a workweek.

85. Defendants knew or should have known that Plaintiff worked more than forty (40) hours in a workweek.

86. Defendants failed to pay Plaintiff proper overtime compensation for all hours worked in excess of forty (40) hours in each workweek at one and one-half times her regular rate of pay, as required by the FLSA, 29 U.S.C. § 207 *et seq.*

87. Defendants' failure to pay Plaintiff her overtime pay violated the FLSA.

88. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per week when they knew or should have known such compensation was due and that failing to do so would financially injure Plaintiff.

89. Plaintiff, who was denied overtime compensation, is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation was willful.

90. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

**Count III**
**Violations of Fair Labor Standards Act ("FLSA")**
**[3] Retaliation**

91. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

92. Plaintiff engaged in protected activity by seeking payment of wages due to her.

93. Defendants knew that Plaintiff sought payment of wages due to her.

94. After Plaintiff sought payment of her unpaid wages, Defendants falsely accused Plaintiff of misconduct and asked Plaintiff to resign.

95. Plaintiff denied Defendants' false accusation and refused to resign.

96. On or about May 19, 2026, Defendants terminated Plaintiff's employment.

97. Defendants' stated reason for terminating Plaintiff was false and pretextual.

98. Defendants terminated Plaintiff because Plaintiff sought payment of wages due and owing to her.

99. Defendants' conduct violated the FLSA's anti-retaliation provision.

100. As a result of Defendants' retaliatory conduct, Plaintiff suffered damages.

101. Plaintiff is entitled to recover damages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

**Count IV**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**[1] Failure to Pay Minimum Wage**

102. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

103. At all relevant times, Defendants were employers within the meaning of the NJWHL.

104. At all relevant times, Plaintiff was an employee within the meaning of the NJWHL.

105. Plaintiff performed work for Defendants for which she was not properly compensated.

106. Defendants failed to pay Plaintiff at least the state minimum wage for all hours worked pursuant to N.J.S.A. § 34:11-56a4.

107. Defendants' failure to pay Plaintiff minimum wages violated the NJWHL.

108. Defendants' violations were knowing, willful, and in bad faith.

109. An employer who fails to pay wages under New Jersey wage laws shall be liable, in addition to the amount of underpayments, for liquidated damages equal to two hundred percent (200%) of the unpaid wages, absent a showing of good faith as permitted by law.

110. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

**Count V**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**[2] Failure to Pay Overtime**

111. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

112. At all relevant times, Defendants were employers within the meaning of the NJWHL.

113. At all relevant times, Plaintiff was an employee within the meaning of the NJWHL.

114. Plaintiff regularly worked more than forty (40) hours in a workweek.

115. Defendants knew or should have known that Plaintiff worked more than forty (40) hours in a workweek.

116. At all relevant times, Defendants failed to pay overtime compensation to Plaintiff at one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek as required pursuant to N.J.S.A. § 34:11-56a4(b).

117. Defendants' failure to pay proper overtime compensation violated the NJWHL.

118. Defendants' violations were knowing, willful, and in bad faith.

11

119. An employer who fails to pay wages under New Jersey wage laws shall be liable, in addition to the amount of underpayments, for liquidated damages equal to two hundred percent (200%) of the unpaid wages, absent a showing of good faith as permitted by law.

120. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

**Count VI**
**<u>Violations of the New Jersey Wage and Hour Law ("NJWHL")</u>**
**[3] Retaliation**

121. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

122. Plaintiff engaged in protected activity by seeking payment of minimum wages and overtime compensation due to her.

123. Defendants knew that Plaintiff sought payment of wages due to her.

124. After Plaintiff sought payment of her unpaid wages, Defendants falsely accused Plaintiff of misconduct and asked Plaintiff to resign.

125. Plaintiff denied Defendants' false accusation and refused to resign.

126. On or about May 19, 2026, Defendants terminated Plaintiff's employment.

127. Defendants' stated reason for terminating Plaintiff was false and pretextual.

128. Defendants terminated Plaintiff because Plaintiff sought payment of wages due to her.

129. Defendants' conduct violated the anti-retaliation provision of the NJWHL.

130. As a result of Defendants' retaliatory conduct, Plaintiff suffered damages.

131. Plaintiff is entitled to recover damages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.


**Count VII**
**Violations of the New Jersey Wage Payment Law ("NJWPL")**
**[1] Failure to Pay Earned Wages**

132. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

133. At all relevant times, Defendants were employers within the meaning of the NJWPL.

134. At all relevant times, Plaintiff was an employee within the meaning of the NJWPL.

135. Plaintiff performed work for Defendants and earned wages for such work.

136. Defendants were required to pay Plaintiff all earned wages due and owing for work performed.

137. Defendants failed to pay Plaintiff all earned wages.

138. Defendants failed to pay Plaintiff all earned wages due on regular paydays.

139. Defendants failed to pay Plaintiff all earned wages due upon the termination of her employment.

140. Defendants' failure to pay Plaintiff earned wages violated the NJWPL.

141. Defendants' violations were knowing, willful, and in bad faith.

142. An employer who fails to pay wages under New Jersey wage laws shall be liable, in addition to the amount of underpayments, for liquidated damages equal to two hundred percent (200%) of the unpaid wages, absent a showing of good faith as permitted by law.

13

143. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover unpaid earned wages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

## Count VIII
## Violations of the New Jersey Wage Payment Law ("NJWPL")
### [2] Retaliation

144. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

145. Plaintiff engaged in protected activity by seeking payment of earned wages due to her.

146. Defendants knew that Plaintiff sought payment of wages due to her.

147. After Plaintiff sought payment of her unpaid wages, Defendants falsely accused Plaintiff of misconduct and asked Plaintiff to resign.

148. Plaintiff denied Defendants' false accusation and refused to resign.

149. On or about May 19, 2026, Defendants terminated Plaintiff's employment.

150. Defendants' stated reason for terminating Plaintiff was false and pretextual.

151. Defendants terminated Plaintiff because Plaintiff sought payment of wages due and owing to her.

152. Defendants' conduct violated the anti-retaliation provision of the NJWPL.

153. As a result of Defendants' retaliatory conduct, Plaintiff suffered damages.

154. Plaintiff is entitled to recover damages, liquidated damages, attorneys' fees, costs, and such other relief as permitted by law.

14

**WHEREFORE**, Plaintiff prays that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

a. Declaring that the practices complained of herein violated the FLSA, NJWHL, and NJWPL;

b. Awarding Plaintiff unpaid minimum wages due under the FLSA and NJWHL;

c. Awarding Plaintiff unpaid overtime compensation due under the FLSA and NJWHL;

d. Awarding Plaintiff unpaid earned wages due under the NJWPL;

e. Awarding Plaintiff damages arising from Defendants' retaliation;

f. Awarding Plaintiff liquidated damages as permitted under the FLSA and New Jersey wage laws;

g. Awarding pre-judgment and post-judgment interest;

h. Awarding costs and disbursements of this action together with reasonable attorneys' fees; and

i. Granting such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: June 19, 2026

/s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com